UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRENDA WESTENHOUSER,**

Plaintiff,

**vs.**   CASE NO. _____

**NPAS SOLUTIONS, LLC,**

Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1. Plaintiff alleges that Defendant left pre-recorded voicemail messages on Plaintiff's cellular telephone in which Defendant failed to give meaningful disclosure of its identity or state that it is a debt collector debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).  See <u>Mims v. Aarow Financial Services, LLC</u>, No. 10-1195, 2012 U.S. LEXIS 906, 2012 WL 125429

(Jan. 18, 2012).  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Brenda Westenhouser is a natural person and a citizen of the State of Florida, residing in Sarasota County in the Middle District of Florida.

4. Defendant, NPAS Solutions, LLC is a foreign limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business and corporate offices in Nashville, Tennessee.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is licensed in Florida as a "consumer collection agency."

8. Defendant is a "debt collector" as that term is defined in the FDCPA.

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Namely, Defendant sought to collect a medical debt from Plaintiff.

11. Defendant left the following pre-recorded messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> February 26, 2015 at 9:32 AM
> Hello we are calling from NPAS Solutions on behalf of Doctors Hospital of Sarasota. Please return our call at 866-258-1104—Monday through Friday during normal business hours. Thank you.
>
> April 30, 2015 at 5:25 PM
> Hello we are calling from NPAS Solutions on behalf of Doctors Hospital of Sarasota. Please return our call at 866-258-1104—Monday through Friday during normal business hours. Thank you.
>
> May 4, 2015 at 12:06 PM
> Hello we are calling from NPAS Solutions on behalf of Doctors Hospital of Sarasota. Please return our call at 866-258-1104—Monday through Friday during normal business hours. Thank you.

12. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13. The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2). See Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

14. In the telephone messages, Defendant failed to state the caller's name, failed to state that the communication was from a debt collector, and failed to disclose the nature of Defendant's business.

15. Defendant is aware that the FDCPA requires debt collectors to disclose in telephone messages that it is a debt collector.[1]

16. That Defendant utilizes pre-recorded telephone messages that do not disclose they are debt collector when Defendant knows it must disclose it is a debt collector evidences that Defendant intentionally violates the FDCPA.

17. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

18. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

19. Defendant's willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

20. Plaintiff incorporates Paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to state the caller's name and

---

[1] Prior to leaving the messages on Plaintiff's voicemail, Defendant had several lawsuits filed against it for failure to comply with the disclosure requirements of the FDCPA. See Abel v. St. David's Healthcare Partnership, LP, LLP et al., No. 13-cv-01039 (W.D. Tex. Dec. 6, 2013) (Complaint at DE 1-3); Paradise v. Methodist Healthcare System of San Antonio d/b/a Methodist Hospital et al., No. 13-cv-01021 (W.D. Tex. Nov. 7, 2013) (Complaint at DE 1-2); Nicholson v. NPAS Solutions, LLC, 14-cv-01021 (W.D. Mo. Nov. 14, 2014) (Complaint filed).

the nature of the debt collector's business in the telephone messages in violation of 15 U.S.C § 1692d(6).  See Dokumaci v. MAF Collection Services, 2011 U.S. Dist. LEXIS 22390, *8 (M.D. Fla. Mar. 4, 2011) ("Courts have defined 'meaningful disclosure' to include disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business."); Wood v. GC Servs., LP, 2012 U.S. Dist. LEXIS 39724, *6-7  (M.D. Fla. Jan. 26, 2012) (finding violation of section 1692d(6) where debt collector's employee did not state her name or disclose the nature of the debt collector's business in a communication with the consumer); Beeders v. Gulf Coast Collection Bureau, 796 F. Supp. 2d 1335, 1339 (M.D. Fla. Jan. 12, 2011) (explaining that section 1692d(6) requires debt collectors to explain the nature of their business).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT II
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR IN VIOLATION OF 15 U.S.C. § 1692e(11)

22. Plaintiff incorporates Paragraphs 1 through 19 above as if fully set forth herein.

23. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See e.g. Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## CALLS TO PLAINTIFF'S CELLULAR TELEPHONE
## IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

24. Plaintiff incorporates Paragraphs 1 through 19 above as if fully set forth herein.

25. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

  b. A declaration that Defendant's debt collection practices violate the TCPA;

  c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

  d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

      /s/ Kimberly H. Wochholz
      [  ] James S. Giardina
      Fla. Bar No. 0942421
      [ X] Kimberly H. Wochholz – Trial Counsel
      Fla. Bar No. 0092159
      [  ] James S. Carr
      Fla. Bar No. 15063
      The Consumer Rights Law Group, PLLC
      3104 W. Waters Avenue, Suite 200
      Tampa, Florida 33614-2877
      Tel: (813) 435-5055 ext 101
      Fax: (866) 535-7199
      James@ConsumerRightsLawGroup.com
      Kim@ConsumerRightsLawGroup.com
      *Counsel for Plaintiff*